RECEIVED
USDC. CLERK. CHARLESTON, SC

2008 MAR -4  P 2: 44

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan M. Bustos, # 243391, | ) C/A No. 2:08-280-MBS-RSC |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| State of South Carolina, | ) |
| Respondent. | ) |

A "Petition for Writ of Error *coram nobis*" has been submitted to the Court *pro se* by a state prison inmate.[1] This is Petitioner's second attempt to have this Court consider allegations of unconstitutionality in connection with his 1997 guilty plea to drug-trafficking charges in Pickens County, South Carolina. *See Bustos v. Falkenberry*, Civil Action No. 2:06-1205-MBS. Petitioner's first case in this Court was a habeas corpus case filed pursuant to 28 U.S.C. § 2254, seeking to vacate Petitioner's 1997 Pickens County drug-related conviction due to alleged ineffective assistance of counsel and other constitutional violations. The undersigned takes judicial notice of the fact that the habeas corpus petition in *Bustos v. Falkenberry* was dismissed with prejudice upon a holding that it was filed outside the one-year

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

limitations period provided under § 2254. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

In the Petition filed in this case, Petitioner seeks to raise a claim of ineffective assistance of counsel in connection with counsel's failure to suppress evidence seized during a search and seizure, and he also claims that his guilty plea was not knowing and voluntary. Once again, he asks this Court to vacate the state criminal conviction and sentence on which he is currently confined, but there is no indication that he requested or received permission from the Fourth Circuit Court of Appeals before filing this case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than

those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition for Writ of Error *coram nobis* submitted in this case is subject to summary dismissal.

As stated above, the initial pleading filed in this case indicates that Petitioner is seeking a writ of error *coram nobis* from this federal Court which would direct the Pickens County General Sessions Court to vacate the Petitioner's 1997 conviction and sentence, entered on Petitioner's guilty plea to state criminal charges. Petitioner's initial attempt to have this Court vacate that conviction and sentence through a § 2254 habeas corpus proceeding was unsuccessful because he waited too long after his conviction became final to file the § 2254 petition. Apparently,

he believes he can avoid another untimeliness finding *and* the Congressional restriction on filing more than one § 2254 petition, *i.e.*, successiveness, by submitting his constitutional claims regarding his 1997 state court proceedings in a differently captioned pleading. Unfortunately for Petitioner, the writ of error *coram nobis* has been abolished in federal civil practice. *See* Fed. R. Civ. P. 60(b). Although several courts have ruled that the writ of *coram nobis* is still available to persons convicted of *federal* crimes,[2] it is not available to state prisoners such as Petitioner who are seeking to challenge their *state* convictions. *See Finklestein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006)(collecting cases); *Lowery v. McCaughtry*, 954 F.2d 422, 423-24 (7th Cir. 1992); *Mosbarger v. Sup. Ct. of Contra Costa*, No. C 95-4072 MMC, 1995 WL 743721 (N.D. Cal., Dec. 8, 1995). Furthermore, even if Rule 60(b) did not preclude this Court's consideration of a petition for writ of error *coram nobis* from a prisoner, it is clear that the Petition in this case would still be subject to summary dismissal because it does not address a *federal* conviction and sentence and it should have been filed in Pickens County state court. It is settled that a petition for writ of error *coram nobis* , where available, is to be filed in the court in which the judgment was rendered. *See Black's Law Dictionary* 1444

---

[2] *See, e.g., U. S. v. Hansen*, 906 F. Supp. 688 (D.D.C. 1995).

4

(5th ed.1979); *see also Lowery v. McCaughtry*, 954 F.2d at 423; *Mosbarger v. Superior Ct.*, 1995 WL 743721 at n. 2.

Moreover, it appears that the Petition in this case was filed in an attempt to avoid the time and successiveness limitations of 28 U.S.C. § 2254. Liberal construction of the Petition in this case discloses that, regardless of the title of the document provided by Petitioner, it is, in fact, another untimely § 2254 petition. If the petition filed in the Civil Action No. 2:06-1205-MBS was untimely when it was filed in April 2006, certainly the Petition filed in this case nearly two years later is also untimely. *See, e.g., Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Additionally, even if it were not barred by untimeliness, the Petition filed in this case appears to be an un-authorized successive § 2254 petition, and it is subject to summary dismissal for this reason as well.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the

"AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof as here) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[3] The "gatekeeping" mechanism created by the AEDPA added section 2244(3) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the application makes a prima facie

---

[3] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

showing that the application satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

*Felker*, 518 U.S. at 657. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in this Court, and because the Petition in this case appears to have been filed in an effort to circumvent the limitations of the application federal statute, the Court does not have jurisdiction to consider it. *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Error *coram nobis* in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an

unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

March 4, 2008
Charleston, South Carolina

8

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).